PETER D. KEISLER
Assistant Attorney General

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

STEPHEN L. JOHNSON (CSBN 145771)
Assistant United States Attorney

THEODORE C. HIRT
Assistant Director
Federal Programs Branch

HERBERT E. FORREST
Trial Attorney -- D.C. Bar No. 4432
Federal Programs Branch
Civil Division –Room 7112
United States Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-2809
Facsimile: (202) 616-8470
Email: herbert.forrest@usdoj.gov

Attorneys for Defendant Executive Office for United States Trustees

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIDES CENTER, <br><br> Plaintiff, <br><br> EXECUTIVE OFFICE FOR <br> UNITED STATES TRUSTEES, <br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Case No. C-07-02621 RMW <br><br> **ANSWER OF EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES** |

Defendant Executive Office for United States Trustees, by its undersigned attorneys, for its answer to plaintiff's complaint, hereby states and alleges as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred because it has failed to exhaust its administrative remedies. Plaintiff's complaint seeks judicial review of an interim determination by the Acting Deputy Chief of the EOUST Credit Counseling and Debtor Education Unit. Pursuant to 28 C.F.R. § 58.17(i), the Director of EOUST issued a final decision on July 9, 2007, Defendant's Exhibit 1, reviewable as final federal agency action under 5 U.S.C. § 706.

**THIRD DEFENSE**

In response to the specific allegations set forth in plaintiff's complaint and to its subheadings, defendant answers as follows, using the same numbered paragraphs and comparable subheadings, the latter being substituted, where appropriate, as denials:

1. Defendant admits the allegations of this paragraph, <u>but see</u> Complaint at ¶ 17, except that defendant denies that the application complied with the requirements of 11 U.S.C. § 111.

2. Defendant denies the allegations of the first sentence of this paragraph, except that defendant admits that after a EOUST trial attorney by letter to plaintiff dated June 2, 2006, requested supplemental information to complete the processing of the application, and counsel for plaintiff responded by letter dated July 17, 2006, the Acting Deputy Chief of the EOUST Credit Counseling and Debtor Education Unit, by letter dated August 17, 2006, advised plaintiff that its application was denied based upon plaintiff's failure to satisfy the applicable standards set forth in 11 U.S.C. § 111. The allegations of the second sentence of this paragraph sets forth legal conclusions, to which no response is required, but if a response is required, they are denied. Defendant admits the allegations of the third sentence of this paragraph.

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph, except that defendant admits that counsel for the Consumer Bankruptcy Counseling Project of Tides Center, by letter dated November 1, 2006, submitted a request to EOUST for review of the denial of its application. Defendant admits the allegations of the second and third sentences of this paragraph.

4. Defendant, having not received the alleged notice, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Defendant denies the allegations of this paragraph, except that defendant admits that on July 9, 2007, the Director of EOUST issued a final decision, Defendant's Exhibit 1, pursuant to 28 C.F.R. § 58.17(i), extending the period for issuing a written final decision to that date, id. at 1 n.1, and denying plaintiff's application for review, as the final agency action pursuant to 28 C.F.R. § 58.17(i) reviewable under 5 U.S.C. § 706.

## THE PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Defendant admits the allegations of this paragraph.

## JURISDICTION AND VENUE

11. This paragraph sets forth conclusions of law as to jurisdiction, to which no response is required, but if a response is required, the allegations are denied.

12. This paragraph sets forth conclusions of law as to venue, to which no response is required, but if a response is required, the allegations are denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the principal places of business of both Tides Center and the Consumer Bankruptcy Counseling Project of Tides Center.

## FACTUAL ALLEGATIONS

13. This paragraph sets forth characterizations and legal conclusions as to provisions of the Bankruptcy Prevention and Consumer Protection Act of 2005, to which no response is required, except that the text of the provisions cited is the best evidence of its contents.

14. This paragraph sets forth characterizations and legal conclusions as to provisions of 11 U.S.C. §§ 111(b) and 111(b)(3), to which no response is required, except that the text of the provisions cited is the best evidence of its contents.

15. This paragraph sets forth characterizations and legal conclusions as to provisions of 11 U.S.C. § 111(c), to which no response is required, except that the text of the provision cited is the best evidence of its contents.

16. This paragraph sets forth characterizations and legal conclusions as to provisions of 28 C.F.R. Part 58, to which no response is required, except that the text of the provisions cited is the best evidence of its contents.

**THE DIRECTOR'S DECISION OF JULY 9, 2007, IS THE FINAL DECISION**

17. Defendant admits the allegations of this paragraph, but see Complaint at ¶ 1, except that defendant denies that the application complied with the requirements of 28 C.F.R. Part 58.

18. Defendant denies the allegations of the first sentence of this paragraph, except that defendant admits that after a trial attorney of the EOUST, by letter to plaintiff dated June 2, 2006, requested supplemental information to complete the processing of the application and counsel for plaintiff responded by letter dated July 17, 2006, the Acting Deputy Chief of the EOUST Credit Counseling and Debtor Education Unit issued a letter dated August 17, 2006, advising plaintiff that its application was denied based upon plaintiff's failure to satisfy the applicable standards set forth in 11 U.S.C. § 111.

19. This paragraph sets forth characterizations and legal conclusions as to provisions of 28 C.F.R. § 58.17, to which no response is required, except that the text of the provisions cited is the best evidence of its contents.

20. Defendant admits that the allegations of this paragraph accurately quote language contained in 28 C.F.R. § 58.17(d), but refers to the complete text of the provision as the best evidence of its contents.

21. Defendant admits the allegations of this paragraph.

22. Defendant admits the allegations of this paragraph.

23. Defendant admits that the allegations of this paragraph accurately quote language contained in 28 C.F.R. § 58.17(i), but refers to the complete text of the provision as the best evidence of its contents.

24. Defendant admits that the allegations of this paragraph accurately quote language contained in the letter dated December 21, 2006, but refers to the complete text of the letter as the best evidence of its contents.

25. Defendant admits the allegations of this paragraph.

26. Defendant admits the inference from the email dated February 8, 2007, in the allegations of this paragraph, but refers to the complete text of the email as the best evidence of its contents.

27. Defendant denies the allegations of this paragraph, but refers to a subsequent nonrecorded telephone conversation between counsel for plaintiff and the assigned EOUST reviewing official on the need for additional time in which to respond, and the issuance on July 9, 2007, by the Director of EOUST of a final decision, Defendant's Exhibit 1, denying plaintiff's application for review as a final order pursuant to 28 C.F.R. § 58.17(i) reviewable under 5 U.S.C. § 706, in which at 1 n.1 the Director, pursuant to 28 C.F.R. § 58.17(i), extended the period for issuing a written final decision to that date.

28. Defendant denies the allegations of this paragraph, except that defendant admits that the August 17 letter sets forth the conclusions of the Acting Deputy Chief of the EOUST Credit Counseling and Debtor Education Unit concerning the denial of the Application, and refers to the complete text of the letter as the best evidence of its contents.

29. Defendant admits that the allegations of this paragraph accurately quote language contained in the first numbered paragraph of the letter of August 17, but refers to the complete text of Paragraph 1 as the best evidence of its contents, including the preceding sentence:

> An agency must demonstrate that it will provide adequate counseling that includes an outline of available counseling opportunities to resolve a client's credit problems, an analysis of the client's current financial condition, discussion of the factors that cause such financial condition, and assistance in developing a plan to respond to the client's problems without incurring negative amortization of debt.

30. Defendant denies the allegations of this paragraph, but admits that the August 17 letter stated in the second numbered paragraph that the applicant's response to an inquiry, that "it will employ a 'part-time experienced and certified bankruptcy paralegal to respond to questions, problems or concerns with the website script, . . . [did] not satisfy the requirements that the Agency employ trained and experienced credit counselors.'" Defendant refers to the complete text of the Paragraph 2 as the best evidence of its contents.

31. Defendant admits that the allegations of this paragraph accurately quote language contained in the third numbered paragraph of the letter of August 17, but refers to the complete text of Paragraph 3 as the best evidence of its contents, including the full text of the first sentence of Paragraph 3:

> An agency must demonstrate that it will deal responsibly and effectively with matters relating to the quality of the services it provides and must demonstrate sufficient experience and proficiency in the design and delivery of services via the Internet.

and the concluding sentence of Paragraph 3:

> Accordingly, the agency has not demonstrated that it can provide Internet services effectively and comply with the requirement that the credit counseling session last an average of 60 to 90 minutes.

32. Defendant denies the allegations of this paragraph, but refers to the complete text of Paragraph 4 as the best evidence of its contents, including the following:

> Although the Agency is a well established nonprofit organization, it does not appear that the Agency has any experience in providing credit counseling services and has failed to establish that it has employed individuals with credit counseling experience in supervisory positions to satisfy this requirement [of adequate experience and background in providing credit counseling.

### DEFENDANT LACKS KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF AS TO WHETHER THE WEBSITE IS CONSISTENT WITH APPLICABLE LAW

33. Defendant denies the first sentence of this paragraph. Defendant admits the second sentence of this paragraph.

34. Defendant admits that the allegations of this paragraph accurately quote language contained in 11 U.S.C. § 109(h)(1), but refers to the complete text of the section as the best

ANSWER OF EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES
Case No. C-07-02621 RMW
6

evidence of its contents, and also refers to the provisions of 11 U.S.C. § 111(c), to be read concurrently with § 109(h)(1), including,

> **(c)(1)** The United States trustee . . . shall only approve a nonprofit budget and credit counseling agency that demonstrates that it will provide qualified counselors, maintain adequate provision for safekeeping and payment of client funds, provide adequate counseling with respect to client credit problems, and deal responsibly and effectively with other matters relating to the quality, effectiveness, and financial security of the services it provides.
>
> **(2)** To be approved by the United States trustee . . ., a nonprofit budget and credit counseling agency shall, at a minimum –
>
> * * * * *
>
> **(E)** provide adequate counseling with respect to a client's credit problems that include an analysis of such client's current financial condition, factors that caused such financial condition, and how such client can develop a plan to respond to the problems without incurring negative amortization of debt;
>
> * * * * *
>
> **(G)** demonstrate adequate experience and background in providing credit counseling[.]

and regulations of the Executive Office for United States Trustees, 28 C.F.R. Part 58, 71 Fed. Reg. 380796 (July 5, 2006), implementing the statutory provisions, including 28 U.S.C. § 58.15, providing in part:

> (f) [A]gency and credit counselors shall:
>
> (1) Provide adequate briefings, budget analysis, and credit counseling services to clients lasting an average of 60 to 90 minutes in length that include an outline of available counseling opportunities to resolve a client's credit problems, an analysis of the client's current financial condition, discussion of the factors that caused such financial condition, and assistance in developing a plan to respond to the client's problems without incurring negative amortization of debt;
>
> (2) Provide trained counselors who receive no commission or bonuses based on the outcome of the counseling services provided by such agency, and who have adequate experience, and have been adequately trained to provide counseling services to individuals in financial difficulty, including the matters described in sub-paragraph (1) of this paragraph. A counselor shall be deemed to have adequate training and experience to provide credit counseling and budget analysis if the counselor is accredited or certified by a recognized independent organization, or has successfully completed a course of study acceptable to the United States Trustee and has worked a minimum of six months in a related area, including personal finance, budgeting, and debt management. . . .
>
> (3) Demonstrate adequate experience and background in providing credit counseling, which means, at a minimum, that an agency must:

(i) Have experience in providing credit counseling for the previous two years. Alternatively, if an agency fails to meet the two-year requirement, the agency must currently employ in each office location that serves clients at least one office supervisor with experience and background in providing credit counseling for no less than two of the five years preceding the relevant application date, including only experience obtained on or after January 1, 2003;

(ii) If an agency offers telephone or Internet credit counseling services, the agency must, in addition to all other requirements, demonstrate sufficient experience and proficiency in designing and providing such services over the telephone and/or Internet, including verification procedures to identify the person receiving the counseling services and to ensure that the counseling services are properly completed.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

40. Defendant admits that the allegations of this paragraph accurately quote language contained in Paragraph 2 of the letter dated August 17, 2006, but refers to the complete text of the letter as the best evidence of its contents and the context in which the language is quoted, that the August 17 letter stated in the second numbered paragraph that the applicant's response to an inquiry, that "it will employ a 'part-time experienced and certified bankruptcy paralegal to respond to questions, problems or concerns with the website script, . . . [did] not satisfy the requirements that the Agency employ trained and experienced credit counselors.'"

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

44. Defendant admits that a signed Appendix A, Acknowledgments, Agreements, and Declarations in Support of Application for Approval as a Nonprofit Budget and Credit Counseling Agency, attached to counsel for plaintiff's letter dated July 17, 2006, as additional information to plaintiff's application, contains a provision dealing with privacy information of the debtor, but refers to the complete text of the document as the best evidence of its contents.

### THE DENIAL OF THE APPLICATION WAS NOT ARBITRARY AND CONTRARY TO LAW

45. Defendant denies the allegations of this paragraph.

46. This paragraph sets forth characterizations and legal conclusions as to contents of the letter of August 17, 2006, to which no response is required, but if a response is required, the allegations of this paragraph are denied, and defendant refers to the text of the letter as the best evidence of its contents.

47. Defendant denies the allegations of this paragraph.

48. This paragraph sets forth characterizations and legal conclusions as to the contents of the letter of August 17, 2006, to which no response is required, but if a response is required, the allegations of this paragraph are denied, and defendant refers to the text of the letter as the best evidence of its contents. Defendant admits that the letter said that plaintiff is a well established nonprofit organization, but defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph that plaintiff is one of the leading charitable organizations in the United States.

49. This paragraph sets forth characterizations and legal conclusions as to contents of the letter of August 17, 2006, to which no response is required, but if a response is required, the allegations of this paragraph are denied, and defendant refers to the text of the letter as the best evidence of its contents.

50. This paragraph sets forth characterizations and legal conclusions as to contents of the letter of August 17, 2006, to which no response is required, but if a response is required, the

ANSWER OF EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES
Case No. C-07-02621 RMW

allegations of this paragraph are denied, and defendant refers to the text of the letter as the best evidence of its contents.

51. This paragraph sets forth characterizations and legal conclusions as to contents of the letter of August 17, 2006, to which no response is required, but if a response is required, the allegations of this paragraph are denied, and defendant refers to the text of the letter as the best evidence of its contents.

52. Defendant denies the allegations of this paragraph.

**PLAINTIFF'S PRAYER FOR RELIEF**

Plaintiff's paragraph in its complaint under the caption "Prayer for Relief" sets forth plaintiff's prayer for relief, to which no response is required. To the extent a response may be deemed to be required, it should be denied.

Defendant denies each and every allegation not specifically addressed in this answer, and defendant further denies that plaintiff is entitled to any relief.

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant having fully answered plaintiff' complaint, defendant respectfully prays that the above-entitled action be dismissed with prejudice; that the Court deny plaintiff's request for relief; and that the Court grant to defendant such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

STEPHEN L. JOHNSON (CSBN 145771)
Assistant United States Attorney

THEODORE C. HIRT
Assistant Director
Federal Programs Branch

```
                                    /s/ Herbert E. Forrest
                                    HERBERT E. FORREST
                                    Trial Attorney -- D.C. Bar No. 4432
                                    Federal Programs Branch
                                    Civil Division – Room 7112
                                    United States Department of Justice
                                    20 Massachusetts Avenue, N.W.
                                    Washington, D.C. 20530
                                    Telephone: (202) 514-2809
                                    Facsimile:  (202) 616-8470
                                    Email: herbert.forrest@usdoj.gov

                                         Attorneys for Defendant Executive Office
                                         for United States Trustees
```

July 20, 2007