1  G. LARRY ENGEL [053484]
   MORRISON & FOERSTER LLP
2  425 Market Street, 30th Floor
   San Francisco, CA 94105-2482
3  Telephone: (415) 268-6927
   Email: lengel@mofo.com
4  WILLIAM McGRANE [057761]
   CHRISTOPHER D. SULLIVAN [148083]
5  McGRANE GREENFIELD LLP
   One Ferry Building, Suite 220
6  San Francisco, CA 94111
   Telephone (415) 283-1776
7  Facsimile: (415) 283-1777
   Email: wmcgrane@mcgranegreenfield.com
8       Attorneys for Tide Center
   PETER D. KEISLER
9  Assistant Attorney General
   SCOTT N. SCHOOLS (SCSBN 9990)
10 United States Attorney
   JOANN M. SWANSON (CSBN 88143)
11 Chief, Civil Division
   STEPHEN L. JOHNSON (CSBN 145771)
12 Assistant United States Attorney
   THEODORE C. HIRT
13 Assistant Director
   Federal Programs Branch
14 HERBERT E. FORREST
   Trial Attorney -- D.C. Bar No. 4432
15 Federal Programs Branch
   Civil Division –Room 7112
16 United States Department of Justice
   20 Massachusetts Avenue, N.W.
17 Washington, D.C. 20530
   Telephone: (202) 514-2809
18 Facsimile: (202) 616-8470
   Email: herbert.forrest@usdoj.gov
19      Attorneys for Defendant Executive Office for United States Trustees

**E-FILED - 12/6/07**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| TIDES CENTER, | Case No. C-07-02621 RMW |
| Plaintiff, | **NOTICE OF JOINT MOTION TO DISMISS** |
| EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES, DEPARTMENT OF JUSTICE, | **JOINT MOTION TO DISMISS** |
| Defendant. | **MEMORANDUM OF POINTS AND AND AUTHORITIES IN SUPPORT** |
| | **AND ORDER OF DISMISSAL** |

NOTICE OF JOINT MOTION TO DISMISS, JOINT MOTION TO DISMISS,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 07-2621 RMW

|         |                        |
|---------|------------------------|
| Date:   | December 21, 2007      |
| Time:   | 9:00 a.m.              |
| Courtroom: | 280 South First Street |
|         | San Jose, CA 95113     |
|         | Courtroom 6, 4th Floor |

## I. NOTICE OF JOINT MOTION TO DISMISS

**PLEASE TAKE NOTICE THAT** at the date and time captioned above, plaintiff Tides Center and defendant Executive Office for United States Trustees (EOUST) will jointly move the Court to dismiss this action without prejudice, in accordance with the Settlement Agreement submitted herewith as Attachment A. This motion is made pursuant to Fed. R. Civ. P. 41(b) and L.R. 7-1 et seq.

## II. JOINT MOTION TO DISMISS

Plaintiff and defendant, by their undersigned counsel of record, hereby jointly move the Court to issue an order dismissing this action without prejudice but retaining jurisdiction to enforce the terms of the Settlement Agreement, in conformity with the Paragraphs 11 and 12 of the Settlement Agreement, which provide:

> 11. Upon signature of this Settlement Agreement, the Parties will file a joint motion seeking an order dismissing the Complaint **without** prejudice in accordance with this Settlement Agreement. This Settlement Agreement shall be attached to and incorporated in the District Court's dismissal order.
>
> 12. The District Court's dismissal order shall provide that the United States District Court for the Northern District of California retains jurisdiction for purposes of construction and enforcement of this Settlement Agreement as consideration agreed to by the Parties for the dismissal of this action. The Parties agree that the District Court's review of any action related to this Settlement Agreement will be governed by any relevant standards of review set forth in the Administrative Procedure Act, 5 U.S.C. §§ 701, et seq., for judicial review of federal agency actions.

## III. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

This action seeks judicial review under the Administrative Procedure Act of EOUST's denial of an application by plaintiff for approval as a nonprofit budget and credit counseling agency under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C.

NOTICE OF JOINT MOTION TO DISMISS, JOINT MOTION TO DISMISS,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 07-2621 RMW

§§ 109 and 111, and the EOUST's Interim Final Rule implementing the statute, 71 Fed. Reg. 38076 (July 5, 2006), 28 C.F.R. Part 58.

After a series of negotiations between the parties and their counsel, the parties have entered into a Settlement Agreement, Attachment A, adopting procedures and practices to bring Tide Center's budget and credit counseling operations into compliance with the requirements of the Act and the Interim Final Rules to qualify for approval by EOUST of Tides Center as a budget and credit counseling agency.

As consideration for the dismissal of this suit without prejudice, the parties have agreed to enter into the Settlement Agreement setting forth the terms and conditions for Tides Centers' operations on an Internet-based web in conformity with the requirements of the statute and Interim Final Rule, and providing that this Court shall retain jurisdiction for purposes of construction and enforcement of the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, the parties jointly request that the Court issue an order dismissing this action without prejudice, and providing that the Court retains jurisdiction for purposes of construction and enforcement of the Settlement Agreement, to be attached to the order, as agreed consideration for the dismissal of this action, subject to judicial review of any federal agency action relating to the Settlement Agreement pursuant to any relevant standards for review set forth in the Administrative Procedure Act, 5 U.S.C. §§ 701, et seq.

Respectfully submitted,

TIDES CENTER

By: /s/ William McGrane
WILLIAM McGRANE
McGRANE GREENFIELD

Lead Attorney for Tides Center

| | |
|---|---|
| | EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES, DEPARTMENT OF JUSTICE |
| By: | /s/ Herbert E. Forrest<br>HERBERT E. FORREST<br>Federal Programs Branch<br>Civil Division |
| | Lead Attorney for Executive Office for United States Trustees, Department of Justice |

November 15, 2007


1  G. LARRY ENGEL [053484]
   NATALIE LEONARD [236634]
2  MORRISON & FOERSTER LLP
   425 Market Street, 30th Floor
3  San Francisco, CA 94105
   Telephone: (415) 268-6927
4  Email: Nleonard@mofo.com
   WILLIAM McGRANE [057761]
5  CHRISTOPHER D. SULLIVAN [148083]
   McGRANE GREENFIELD LLP
6  One Ferry Building, Suite 220
   San Francisco, CA 94111
7  Telephone (415) 283-1776
   Facsimile: (415) 283-1777
8  Email: wmcgrane @mcgranegreenfield.com
            Attorneys for Tide Center
9  PETER D. KEISLER
   Assistant Attorney General
10 SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
11 JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
12 STEPHEN L. JOHNSON (CSBN 145771)
   Assistant United States Attorney
13 THEODORE C. HIRT
   Assistant Director
14 Federal Programs Branch
   HERBERT E. FORREST
15 Trial Attorney -- D.C. Bar No. 4432
   Federal Programs Branch
16 Civil Division –Room 7112
   United States Department of Justice
17 20 Massachusetts Avenue, N.W.
   Washington, D.C. 20530
18 Telephone: (202) 514-2809
   Facsimile: (202) 616-8470
19 Email: herbert.forrest@usdoj.gov
         Attorneys for Defendant Executive Office for United States Trustees
20
                    UNITED STATES DISTRICT COURT
21                NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION
22
   TIDES CENTER,                    )    Case No. C-07-02621 RMW
23                                  )
           Plaintiff,               )
24                                  )
   EXECUTIVE OFFICE FOR             )    **ORDER OF DISMISSAL**
25 UNITED STATES TRUSTEES,          )
   DEPARTMENT OF JUSTICE,           )
26                                  )
           Defendant.               )
27
28

NOTICE OF JOINT MOTION TO DISMISS, JOINT MOTION TO DISMISS,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 07-2621 RMW

UPON CONSIDERATION OF the Joint Motion to Dismiss and Memorandum of Points and Authorities in Support filed by the parties in this action, and of their Settlement Agreement attached hereto, which is hereby incorporated by reference, as agreed consideration for the dismissal of this action, and upon consideration of the entire record, and the Court being fully advised in the premises, and good cause having been shown for the dismissal of this action and for the Court to retain jurisdiction over the Settlement Agreement, it is by the Court, this __6__ day of __December__, 2007,

ORDERED, That said joint motion be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED, That this action be, and the same hereby is, DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED, That the Court RETAINS JURISDICTION for purposes of construction and enforcement of this Settlement Agreement; and it is

FURTHER ORDERED, That the Court's review of any federal agency action related to this Settlement Agreement SHALL BE GOVERNED by the relevant standards of review of the Administrative Procedure Act, 5 U.S.C. §§ 701, et seq.

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

NOTICE OF JOINT MOTION TO DISMISS, JOINT MOTION TO DISMISS,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 07-2621 RMW

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is entered into between Plaintiff Tides Center ("Tides") and Defendant Executive Office for United States Trustees, United States Department of Justice ("EOUST") to reach full and final settlement of all issues alleged in Tides' Complaint in *Tides Center v. Executive Office of United States Trustees, Department of Justice*, United States District Court for the Northern District of California (San Jose Division) Case No. C07-02621 RMW (hereinafter the "Complaint" and the "District Court" respectively), which Complaint sought approval as a nonprofit budget and credit counseling agency pursuant to 11 U.S.C. §111. The Parties therefore agree as follows:

## RECITALS

A.     Tides is a nonprofit corporation located in San Francisco, California. Tides submitted its application (the "Application") for approval as a nonprofit budget and credit counseling agency to EOUST pursuant to 11 U.S.C. §111 on or about May 15, 2006.

B.     Tides, by its duly authorized officer, executed Appendix A to the Application, which provided, *inter alia*:

    1.     Tides will provide adequate credit counseling, which considers all alternatives to resolve a client's credit problems and includes an analysis of the client's budget, current financial condition, factors that caused such financial condition, and how such client can develop a plan to respond to the problems without incurring negative amortization of debt; and

2. Tides will provide counselors who have adequate experience and training to provide credit counseling services and who receive no commission, incentives, bonuses, or benefits (monetary or non-monetary) based on the outcome of a counseling session.

C. EOUST is a component of the United States Department of Justice and is responsible for overseeing the administration of bankruptcy cases and private trustees pursuant to 28 U.S.C. §586 and 11 U.S.C. §§101, *et seq.* EOUST's responsibilities include the approval and oversight of nonprofit budget and credit counseling agencies pursuant to 11 U.S.C. §111.

D. On July 5, 2006, EOUST promulgated an Interim Final Rule (the "Interim Final Rule") that, *inter alia*, sets forth the application procedures to be used by applicants seeking approval as nonprofit budget and credit counseling agencies pursuant to 11 U.S.C. §111. See 71 Fed. Reg. 38076 (July 5, 2006), 28 C.F.R. Part 58.

E. On August 17, 2006, the Application was denied. The denial was based upon EOUST's findings and conclusions that Tides had failed:

1. to demonstrate that it will provide adequate counseling that includes an outline of available counseling opportunities to resolve a client's credit problems, an analysis of the client's current financial condition, discussion of the factors that caused such financial condition, and assistance in developing a plan to respond to the client's problems without incurring negative amortization of debt;

2. to employ trained and experienced counselors to provide credit counseling services;

      3.     to demonstrate that it will deal responsibly and effectively with matters relating to the quality of the services it provides and demonstrate sufficient experience and proficiency in the design and delivery of services via the Internet; and

      4.     to have adequate experience and background in providing credit counseling.

    F.     Tides filed the Complaint commencing this case on May 17, 2007, seeking a court order compelling EOUST to grant approval of the Application.

In consideration of the mutual promises and undertakings set forth herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the following terms and conditions:

## AGREEMENT

    1.     Pursuant to 11 U.S.C. §111(b), Tides is approved as a nonprofit budget and credit counseling agency for the Northern District of California for a six month probationary period. Such period will begin on the date EOUST gives Tides written approval of the content and operation of Tides' beta site (the "Tides Beta Site") for Internet-based counseling and of the credentials of the counselor(s) and the supervisor Tides will have hired not later than such date (the "Approval").

    2.     The Approval is subject to the following terms and conditions, which are hereby accepted by Tides:

      A.     Tides' Internet-based counseling program will be consistent with what is set forth at the Tides Beta Site to be pre-approved by EOUST;

B.  Budget and counseling services will only be provided by one or more trained counselor(s) who shall have adequate experience and training to provide counseling services to individuals in financial difficulty as required by 11 U.S.C. §111(c)(2)(E) and (F);

C.  In addition, budget and counseling services will only be provided after the designation of at least one supervisor within Tides' organization who shall have adequate experience and background in providing credit counseling as required by 11 U.S.C. §111(c)(2)(G), who may also serve as the single initial counselor pursuant to paragraph B above;

D.  Tides will implement procedures by which the client contacts a counselor by email upon completion of the Internet based counseling program to discuss the client's responses and the counselor then provides any and all necessary advice by return e-mail or such other means as the counselor determines is appropriate in the counselor's discretion. Such procedures will be in addition to, and not in lieu of, procedures by which clients may contact Tides, by email or other means at Tides' option, during an Internet counseling session for assistance with substantive or technical issues.

E.  This Settlement Agreement resolves all matters of dispute between the Parties, including all legal, equitable, or administrative claims, regarding, emanating from, arising out of, or in any way associated with Tides' Complaint, whether known or unknown.

3. It is specifically understood and agreed that this Settlement Agreement is executed for the sole purpose of settling the Complaint, and nothing contained herein may be utilized for the purpose of precedent or argument in any other case between the Parties or between other third parties.

4. Nothing in this Settlement Agreement shall prejudice either Party or any United States Trustee with respect to any subsequent application for approval as a nonprofit budget and credit counseling agency. Further, nothing in this Settlement Agreement and no actions taken by the Parties in furtherance hereof may be used as an admission of liability in any respect in any future or pending demand, administrative proceeding, litigation or similar action involving the Parties.

5. Each Party will be responsible for its own costs and attorney's fees and Tides agrees that this Settlement Agreement does not entitle it to seek or to obtain attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412, as amended, and Tides further waives any right to attorneys' fees that may arise thereunder.

6. This Settlement Agreement, including the release contained herein, extends to and binds the principals, agents, employees, related or affiliated entities, representatives, successors, assigns of the Parties, and the United States Trustee.

7. This Settlement Agreement may be executed in counterparts.

8. The Parties represent that the persons executing the Settlement Agreement on each Party's behalf have been duly authorized by all necessary and appropriate action to enter into this Settlement Agreement.

9.   Each Party acknowledges that it was represented by counsel in connection with the negotiation and execution of this Settlement Agreement, is fully competent to execute this Settlement Agreement, and understands the terms and provisions of this Settlement Agreement. This Settlement Agreement shall be liberally construed as effecting a full and final settlement of the matters and controversies described herein.

10.  From and after the beginning of Tides' period of probationary approval, the rights and responsibilities of Tides and EOUST related to Tides' status as an approved nonprofit budget and credit counseling agency shall be governed by 11 U.S.C. §111, the Interim Final Rule, and any other rule the EOUST might hereafter promulgate in addition to or in substitution for the Interim Final Rule.

11.  Upon signature of this Settlement Agreement, the Parties will file a joint motion seeking an order dismissing the Complaint **without** prejudice in accordance with this Settlement Agreement. This Settlement Agreement shall be attached to and incorporated in the District Court's dismissal order.

12.  The District Court's dismissal order shall provide that the United States District Court for the Northern District of California retains jurisdiction for purposes of construction and enforcement of this Settlement Agreement as consideration agreed to by the Parties for the dismissal of this action. The Parties agree that the District Court's review of any action of EOUST related to this Settlement Agreement will be governed by any relevant standards of review set forth in the Administrative Procedure Act, 5 U.S.C. §§701, et seq., for judicial review of federal agency actions.

13.  In the event that:

Received at: 12:25PM, 11/14/2007
NOV-14-2007 13:21 FROM:TIDES HR          4155616426          TO:14152831777          P.7/8

(a) On or before January 15, 2008, Tides has not provided EOUST with access to the final version of the Tides Beta Site for Internet-based counseling and also submitted to EOUST the credentials of the counselor(s) and the supervisor Tides has hired or intends to hire, or

(b) On or before January 31, 2008, EOUST has not given Tides the Approval,

then either Party may, by written notice to the other Party, immediately terminate this Settlement Agreement; provided, however, that the Parties may by written agreement modify one or both of the dates contained in this paragraph 13. Upon the termination of this Settlement Agreement as specified in this paragraph 13, Tides may file a new complaint against EOUST with the District Court seeking relief respecting the subject matter of the Agreement as if this Agreement had never been made.

The Parties have executed this Settlement Agreement as of the respective dates indicated below:

**TIDES CENTER**

By: _[signature]_　　　Date: 11·14·07

Title: Executive Director

EXECUTIVE OFFICE FOR UNITED
STATES TRUSTEES, DEPARTMENT
OF JUSTICE

By: _____          Date: November 5, 2007
    Donald F. Walton

Title: Acting Principal Deputy Director


Approved as to form and substance:

Lead Attorney for Tides

WILLIAM MCGRANE
McGrane Greenfield LLP
One Ferry Building, Suite 220
San Francisco, CA 94111


By: _____
    William McGrane


Lead Attorney for EOUST

HERBERT E. FORREST
Trial Attorney
Federal Programs Branch
United States Department of Justice
Civil Division


By: _____
    Herbert E. Forrest